UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY DEAN HERSEY EL BEY,<br><br>    Plaintiff,<br><br>v.<br><br>J. RUSSELL,<br><br>    Defendant. | Case No. 23-cv-00107-JSC<br><br>**ORDER RE: DISMISSAL FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 31 |

Plaintiff initiated and is prosecuting this civil rights excessive force action without the benefit of an attorney. Defendant answered the complaint as narrowed by the Court. Plaintiff did not appear at the initial case management conference held on March 28, 2024, and did not participate in filing a joint case management conference statement. The Court nonetheless issued a pretrial order adopting the case schedule Defendant proposed. (Dkt. Nos. 28, 29.) The pretrial order scheduled a further case management conference for July 11, 2024. (Dkt. No. 29 at 1.)

According to Defendant's further case management conference statement filed July 3, 2024, Plaintiff did not respond to Defendant's communications regarding submission of a joint case management conference statement. (Dkt. No. 30 at 1.) Plaintiff also did not appear for his noticed deposition or respond to Defendant's request for written discovery. (Dkt. No. 30 at 3.)

Because Plaintiff failed to respond to Defendant's discovery requests and participate in the submission of a joint case management conference statement, the Court ordered Plaintiff to show cause in writing by July 18, 2024, why this action should not be dismissed based on his failure to prosecute under Federal Rules of Civil Procedure 41(b). (Dkt. No. 31.) In particular, the Court directed Plaintiff to file a written submission explaining why he has not complied with Defendant's discovery requests and has not participated in the submission of a joint case

management conference statement. (*Id.*) The Court warned Plaintiff

> **his failure to file a written submission by July 18, 2024 showing good cause for his failure to respond to Defendant's discovery requests and cooperate in the submission of a case management conference statement, as well as his failure to participate in the submission of a joint case management conference statement for the continued further case management conference now scheduled for August 8, 2024, will likely result in the DISMISSAL OF HIS CASE WITH PREJUDICE.**

(*Id*. at 2 (emphasis in original).) As of the date of this Order, Plaintiff has not responded to the Court's order to show cause and thus has not given any reason for his failure to participate in the prosecution as required by the show cause order.

Pursuant to Rule 41(b), the Court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may sua sponte dismiss an action pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (cleaned up). In determining whether a Rule 41(b) dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (cleaned up).

Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980) (cleaned up). By failing to respond to Defendant's discovery requests, participate in the submission of a joint case management statement, and respond to the Court's order to show cause, Plaintiff has delayed adjudication of this action. Non-compliance with procedural rules and

the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999).

The fourth factor is the availability of less drastic sanctions. The Court already cautioned Plaintiff failure to respond would result in dismissal of this action. (Dkt. No. 31.) Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement.'"). The fourth factor thus weighs in favor of dismissal.

The last factor, which favors disposition on the merits, definitionally weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). The Court therefore DISMISSES this action with prejudice pursuant to Federal Rule of Civil Procedure 41.

**IT IS SO ORDERED.**

Dated: July 26, 2024

JACQUELINE SCOTT CORLEY
United States District Judge